IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:20-CR-00447-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONTAY LAFON ARMSTRONG,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Dontay Lafon Armstong's second *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 and appointment of counsel. (Doc. No. 81). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny his motion without prejudice to a renewed motion properly supported by medical evidence while incarcerated in the Bureau of Prisons.

Defendant is a 45-year-old male serving his prison sentence at FCI Edgefield in South Carolina. He is serving a sentence of a total of 240 months of imprisonment followed by 5 years of supervised release. (Doc. No. 52). According to the Bureau of Prisons website, his scheduled release date is February 4, 2037. Defendant bases this motion on having a terminal illness without further elaboration. (Doc. No. 81 at 4). Defendant based his prior motion on a severe immune system malfunction due to receiving treatment for stomach cancer and that he had surgery to remove half of his stomach, the head of his pancreas, his gall bladder, one-third of his intestine and half of his bile duct. (Doc. No. 78, Attachment 1 at 3). According to his Presentence Investigation Report that was filed on April 20, 2021, Defendant self-reported that he has chronic

medical issues related to seizures and a stomach tumor and was receiving medication to treat his seizures. (Doc. No. 49, ¶ 83). Additionally, he was treated in Charlotte, North Carolina for cancer in 2015. *Id.* With this current motion, Defendant submitted 180 pages of medical records all pertaining to his situation prior to incarceration and it appeared that his conditions were being well maintained. (Doc. No. 82). However, Defendant fails to provide adequate BOP medical records to substantiate his medical claim of a terminal illness and therefore, there is no extraordinary and compelling reason for a sentence reduction.

Further, Defendant requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to his alleged terminal condition. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018, and appointment of counsel

(Doc. No. 81), are **DENIED** without prejudice to a renewed motion properly supported by medical evidence.

**SO ORDERED.**

Signed: January 31, 2023

Kenneth D. Bell
United States District Judge